UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al*., | Case No. 22-17842 (PDR) (Jointly Administered) |
| Debtors.[1] | |
| _____/ | |
| VITAL PHARMACEUTICALS, INC., *et al.* | |
| Plaintiffs, | |
| v. | |
| JOHN H. OWOC and MEGAN E. OWOC, | Adv. Pro. No. 23-01051 (PDR) |
| Defendants. | |
| _____/ | |

**EMERGENCY MOTION FOR AN ORDER (I) HOLDING DEFENDANTS IN CONTEMPT OF COURT, (II) IMPOSING SANCTIONS, (III) SETTING HEARING ON DEBTORS' MOTION FOR TEMPORARY RESTRAINING ORDER, AND (IV) ESTABLISHING BRIEFING SCHEDULE ON MOTION FOR SUMMARY JUDGMENT**

**Basis for Requested Emergency Hearing**

The Debtors respectfully request the Court to consider this Motion on an emergency basis on March 23, 2023, in accordance with paragraph 6 of the *Stipulation Regarding Debtors' Motion for Temporary Restraining Order* [ECF No. 9] and paragraph 7 of the *Order Approving Stipulation Regarding Debtors' Motion for Temporary Restraining Order* [ECF No. 10] entered on March 16, 2023.

---

[1]  The Debtors include (i) Vital Pharmaceuticals, Inc.; (ii) Bang Energy Canada, Inc.; (iii) JHO Intellectual Property Holdings, LLC; (iv) JHO Real Estate Investment, LLC; (v) Quash Seltzer, LLC; (vi) Rainbow Unicorn Bev LLC; and (vii) Vital Pharmaceuticals International Sales, Inc.  The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12017002-1

**PRELIMINARY STATEMENT**

Debtors Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC, and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors") in the above-captioned chapter 11 cases, initiated the above-captioned adversary proceeding (the "Adversary Proceeding") on March 14, 2023 seeking turnover of social media-related estate assets from Defendants John H. Owoc and Megan E. Owoc (collectively, "Defendants").

Because Defendants have, without explanation, failed to comply with their promise to deliver the passwords associated with those accounts to the Court, the Debtors seek an emergency hearing on March 23, 2023, or as soon thereafter as the Court's schedule accommodates, on their request for an order:

(1)    holding Defendants in contempt of the Order and imposing appropriate sanctions;

(2)    setting a hearing on the TRO Motion; and

(3)    establishing a briefing scheduling on the Debtors' anticipated motion for summary judgment.

**BACKGROUND**

Contemporaneous with the filing of the Complaint [Adv. Proc. Docket No. 1], the Debtors filed the *Emergency Motion for Temporary Restraining Order and Incorporated Memorandum of Law* [Adv. Proc. Docket. No. 2] (the "TRO Motion"), along with alleged supporting evidence. Specifically, through the TRO Motion, the Debtors sought entry of an order (a) prohibiting Defendants from accessing, using, deleting, or modifying in any way the CEO Accounts (as defined in the Complaint and TRO Motion), and (b) compelling Defendants to transfer exclusive control of the CEO Accounts over to the Debtors.

The Court noticed an evidentiary hearing regarding the Motion for March 16, 2023 [Adv. Proc. Docket No. 6]. Justin Luna of Latham, Luna, Eden & Beaudine LLP appeared in this Adversary Proceeding on behalf of Defendants [Adv. Proc. Docket No. 8].

Counsel to the Debtors and Defendants negotiated a stipulation to resolve the TRO Motion [Adv. Proc. Docket No. 9] (the "Stipulation"). Among other things, the Stipulation provided that, no later than 5:00 p.m (ET) on March 16, 2023, Defendants were to provide to the Court, under seal, all passwords to the CEO Accounts (as defined in the TRO Motion), and refrain from making any further changes to the passwords to the CEO Accounts pending further order of the Court. The Court entered an Order approving the Stipulation on March 16, 2023 [Adv. Proc. Docket No. 10] (the "Order"). The Order further provides that "[i]n the event of an alleged violation of this Order, 24 hours' notice of a hearing to address such alleged violation shall be sufficient." (Order, ¶ 7.)

The Debtors did not receive notice (either directly or via court docket) indicating that Defendants had complied with the deadline to submit the passwords under the Order. The Debtors made several attempts, both my email and by phone, to confirm compliance with Mr. Luna, as counsel to Defendants. (*See* Ex. A attached hereto (Email exchange with Mr. Luna).) On March 21, 2023, the Debtors notified Mr. Luna, as counsel to Defendants, that because they had been unable to confirm Defendants' compliance with the Order or otherwise receive any response to their outreach attempts, they would be raising this issue with the Court at the March 22, 2023 hearing in the Chapter 11 Cases. (*See id.*) At the March 22 hearing, the Court indicated that it was unaware of having received any passwords.

The Debtors promptly reached out to Mr. Luna, as counsel to Defendants, to provide notice that they would be filing a motion seeking relief in connection with Defendants' failure to comply with the Order and requesting that it be heard on March 23, 2023. (*See* Ex. A.) Mr. Luna

responded to (a) confirm that Defendants had not complied with the Order by providing the passwords to the Court, and (b) indicate that he would be seeking to withdraw as counsel to Defendants.  (*See id.*)

## REQUEST FOR RELIEF

Based on the facts and circumstances as set forth above, the Debtors seek an order:

(1)      holding Defendants in contempt of the Order and imposing appropriate sanctions;

(2)      setting a hearing on the TRO Motion; and

(3)      establishing a briefing scheduling on the Debtors' anticipated motion for summary judgment.

*First*, given Defendants' clear and admitted failure to comply with the Order, which was agreed to by the Debtors in exchange for resolving the need for an emergency hearing on the TRO Motion, an order holding Defendants in contempt and granting appropriate sanctions for failure to comply with the Order is appropriate.[2] *See In re Spanish River Plaza Realty Co., Ltd.*, 155 B.R. 249, 255-56 (Bankr. S.D. Fla. 1993) (holding party in civil contempt for violating court order). This Court has jurisdiction to enforce its own orders.  *See Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151, 129 S. Ct. 2195, 2205, 174 L. Ed. 2d 99 (2009) (a bankruptcy court "plainly [has] jurisdiction to interpret and enforce its own prior orders."); *In re Continental Airlines, Inc.*, 236 B.R. 318, 325 (Bankr. D. Del. 1999) ("It is axiomatic that a court possesses the inherent authority to enforce its own orders").  Moreover, pursuant to 11 U.S.C. § 105(a), this Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" or that the Court determines is necessary or appropriate "to prevent an abuse of process."   11

---

[2]    The Debtors seek compensatory sanctions in an amount to be determined based on the time spent negotiating and drafting the Stipulation, attempting to secure compliance from Defendants, and drafting this Emergency Motion.

U.S.C. § 105(a).  Courts have, thus, invoked section 105(a) to issue contempt orders and impose sanctions in bankruptcy cases and to enforce prior orders of the court.  *See In re A-1 Specialty Gasolines, Inc.*, 246 B.R. 445, 450-51 (Bankr. S.D. Fla. 2000) ("Bankruptcy courts have inherent power to hold parties in contempt, as well as an implied statutory power pursuant to 11 U.S.C. § 105."); *Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 96 (2d Cir. 2010) ("The statutory contempt powers given to a bankruptcy court under § 105(a) complement the inherent powers of a federal court to enforce its own orders.") (citing *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 831, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994)); *In re River Ctr. Holdings LLC*, 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008) (court used section 105(a) to enforce its prior order approving a settlement agreement, holding that "section 105(a) plainly may be used 'to enforce and implement' earlier orders).

*Second*, the Debtors request that their TRO Motion be reset for hearing at the Court's earliest convenience.  Because Defendants agreed to the relief set forth in the Stipulation only to immediately fail to deliver on their promise to deliver the passwords to the CEO Accounts to the Court, the Debtors have serious concerns about permitting Defendants to retain any access to the CEO Accounts.  Accordingly, the Debtors ask that the Court take up the relief sought in the TRO Motion as soon as practicable.

*Third*, the Stipulation contemplated that the Parties would negotiate in good faith a briefing schedule for a motion for summary judgment to be filed by the Debtors such that the anticipated motion could be heard within 30 days of filing.  As noted above, Defendants have declined to engage with the Debtors following entry of the Order.  The Debtors thus request that the Court set a briefing schedule as follows:

- March 24, 2023 – Debtors' file Motion for Summary Judgment;

- April 10, 2023 – Defendants' Opposition to Motion for Summary Judgment due;

- April 17, 2023 – Debtors' Reply in support of Motion for Summary Judgment due;

- April 20, 2023 (or as soon thereafter as the Court's schedule permits) – Hearing on the Debtors' Motion for Summary Judgment.

Dated:   March 22, 2023                          Respectfully submitted,
         Miami, Florida

                                                 */s/ Jordi Guso*
George A. Davis (admitted *pro hac vice*)        Jordi Guso
Hugh K. Murtagh (admitted *pro hac vice*)        Florida Bar No. 863580
Brian S. Rosen (admitted *pro hac vice*)         Michael J. Niles
Jonathan J. Weichselbaum (admitted *pro hac vice*)  Florida Bar No. 107203
**LATHAM & WATKINS LLP**                          **BERGER SINGERMAN LLP**
1271 Avenue of the Americas                      1450 Brickell Avenue, Suite 1900
New York, NY 10020                               Miami, FL 33131
Telephone:  (212) 906-1200                       Telephone:  (305) 755-9500
Email:  george.davis@lw.com                      Email:  jguso@bergersingerman.com
        hugh.murtagh@lw.com                       Email:  mniles@bergersingerman.com
        tj.li@lw.com
        brian.rosen@lw.com
        jon.weichselbaum@lw.com

                 - and -

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*Co-Counsel for the Plaintiffs/Debtors*

6

## **EXHIBIT A**

## Quartarolo, Amy (LA)

| | |
|---|---|
| **From:** | Justin Luna <jluna@lathamluna.com> |
| **Sent:** | Wednesday, March 22, 2023 10:54 AM |
| **To:** | Quartarolo, Amy (LA) |
| **Cc:** | Sorkin, Andrew (DC); Murtagh, Hugh (NY); Morris, Elizabeth (NY); JGuso@bergersingerman.com |
| **Subject:** | Re: VPX v. Owoc |

Certainly.

Justin M. Luna
*Board Certified Business Bankruptcy Specialist*



201 S. Orange Avenue, Suite 1400
Orlando, Florida 32801
407-481-5804 (direct)
jluna@lathamluna.com
www.lathamluna.com
@orlbankruptcy

---

**From:** Amy.Quartarolo@lw.com <Amy.Quartarolo@lw.com>
**Date:** Wednesday, March 22, 2023 at 1:52 PM
**To:** Justin Luna <jluna@lathamluna.com>
**Cc:** Andrew.Sorkin@lw.com <Andrew.Sorkin@lw.com>, Hugh.Murtagh@lw.com <Hugh.Murtagh@lw.com>, Elizabeth.Morris@lw.com <Elizabeth.Morris@lw.com>, JGuso@bergersingerman.com <JGuso@bergersingerman.com>
**Subject:** RE: VPX v. Owoc

Thank you for your response.  Can you please pass along our email to Mr. and Mrs. Owoc?

---

**From:** Justin Luna <jluna@lathamluna.com>
**Sent:** Wednesday, March 22, 2023 10:49 AM
**To:** Quartarolo, Amy (LA) <Amy.Quartarolo@lw.com>
**Cc:** Sorkin, Andrew (DC) <Andrew.Sorkin@lw.com>; Murtagh, Hugh (NY) <Hugh.Murtagh@lw.com>; Morris, Elizabeth (NY) <Elizabeth.Morris@lw.com>; JGuso@bergersingerman.com
**Subject:** Re: VPX v. Owoc

Amy, apologies but I don't have an answer for you.  I have not submitted any passwords to the Court and have notified my clients of the obligation under the order.  However, I will be withdrawing from the case entirely.  Let me know your postion on my firm's withdrawal in the adversary.

Justin M. Luna
*Board Certified Business Bankruptcy Specialist*

1

201 S. Orange Avenue, Suite 1400
Orlando, Florida 32801
407-481-5804 (direct)
jluna@lathamluna.com
www.lathamluna.com
@orlbankruptcy

---

**From:** Amy.Quartarolo@lw.com <Amy.Quartarolo@lw.com>
**Date:** Wednesday, March 22, 2023 at 1:40 PM
**To:** Justin Luna <jluna@lathamluna.com>
**Cc:** Andrew.Sorkin@lw.com <Andrew.Sorkin@lw.com>, Hugh.Murtagh@lw.com <Hugh.Murtagh@lw.com>,
Elizabeth.Morris@lw.com <Elizabeth.Morris@lw.com>, JGuso@bergersingerman.com
<JGuso@bergersingerman.com>
**Subject:** RE: VPX v. Owoc

Justin – We still have not heard back from you. As we indicated we would in the email below, the Debtors inquired at the hearing today whether the Court had received the passwords as required. Judge Russin did not believe anything had been received. We are hereby providing notice that will be filing an emergency motion seeking hearing tomorrow as contemplated under the Order on the Stipulation.

We are available to discuss and would appreciate the courtesy of a response to our multiple outreach attempts.

Thank you,
Amy

---

**From:** Quartarolo, Amy (LA) <Amy.Quartarolo@lw.com>
**Sent:** Tuesday, March 21, 2023 8:50 AM
**To:** Justin Luna <jluna@lathamluna.com>
**Cc:** Sorkin, Andrew (DC) <Andrew.Sorkin@lw.com>; Murtagh, Hugh (NY) <Hugh.Murtagh@lw.com>; Morris, Elizabeth
(NY) <Elizabeth.Morris@lw.com>; JGuso@bergersingerman.com
**Subject:** RE: VPX v. Owoc

Justin - I haven't received any response from you or confirmation that your client has complied with the stipulation and court order. Please let us know when you are available to discuss this and other time sensitive issues. If we do not hear back from you by the close of business today, then we will raise this with the court at the hearing tomorrow.

**Amy C. Quartarolo**

**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Direct Dial: +1.213.891.8966
Fax: +1.213.891.8763
Email: amy.quartarolo@lw.com
http://www.lw.com

---

**From:** Quartarolo, Amy (LA) <Amy.Quartarolo@lw.com>
**Date:** Monday, Mar 20, 2023 at 9:34 AM
**To:** Justin Luna <jluna@lathamluna.com>

**Cc:** Sorkin, Andrew (DC) <Andrew.Sorkin@lw.com>, Murtagh, Hugh (NY) <Hugh.Murtagh@lw.com>, Morris, Elizabeth (NY) <Elizabeth.Morris@lw.com>, JGuso@bergersingerman.com <JGuso@bergersingerman.com>
**Subject:** RE: VPX v. Owoc

Justin – Can you please address our question below?  Also, picking up on the emails from last week, when are you available for a call to discuss various open issues?

**From:** Quartarolo, Amy (LA)
**Sent:** Sunday, March 19, 2023 8:22 AM
**To:** 'Justin Luna' <jluna@lathamluna.com>
**Cc:** Sorkin, Andrew (DC) <Andrew.Sorkin@lw.com>; Murtagh, Hugh (NY) <Hugh.Murtagh@lw.com>; Morris, Elizabeth (NY) <Elizabeth.Morris@lw.com>; JGuso@bergersingerman.com
**Subject:** VPX v. Owoc

Justin –

Pursuant to the stipulation and order approving the same, your clients were required to provide to the Court, under seal, all passwords to the accounts that were the subject of the TRO motion filed last week by 5:00 pm ET on March 16.  We did not see anything filed under seal on the docket.  Can you please confirm that all passwords were provided to the Court, when they were provided, and by what means?

I think we also need a call early this week to discuss scheduling and a few other issues.  Please let us know when you are available.

Thank you,


**Amy C. Quartarolo**

**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Direct Dial: +1.213.891.8966
Fax: +1.213.891.8763
Email: amy.quartarolo@lw.com
https://www.lw.com


_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com