UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                        Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al*.,        Case No. 22-17842 (PDR)
                                                              (Jointly Administered)
        Debtors.[1]

_____/

VITAL PHARMACEUTICALS, INC., *et al.*

            Plaintiffs,

v.

JOHN H. OWOC and MEGAN E. OWOC,          Adv. Pro. No. 23-01051 (PDR)

            Defendants.

_____/

**EMERGENCY MOTION FOR AN ORDER (I) HOLDING DEFENDANTS IN
CONTEMPT OF COURT, (II) IMPOSING SANCTIONS, AND (III) SETTING
HEARING ON DEBTORS' MOTION FOR TEMPORARY RESTRAINING ORDER**

**PRELIMINARY STATEMENT**

This is now the second emergency motion the Debtors have been forced to file in the span

of just a few weeks to address Defendants John H. Owoc's and Megan E. Owoc's (collectively,

"Defendants") willful defiance of this Court's March 16, 2023 Order [Adv. Proc. Docket No. 10]

(the "Order"). First, less than a week after entry of the Order, Defendants failed to deliver the

passwords to the Debtors' social media accounts to the Court as required under the terms of the

---

[1] The Debtors ("Debtors") include (i) Vital Pharmaceuticals, Inc.; (ii) Bang Energy Canada, Inc.; (iii) JHO Intellectual Property Holdings, LLC; (iv) JHO Real Estate Investment, LLC; (v) Quash Seltzer, LLC; (vi) Rainbow Unicorn Bev LLC; and (vii) Vital Pharmaceuticals International Sales, Inc. The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

Order.  Now, less than two weeks later, Defendants again are in violation of the Order – having failed to timely post content on the social media account as requested by the Debtors and required under the Order, and then posting the requested content only to comment on that post in direct violation of the Order with false and defamatory accusations against the Company, its professionals, and its Board.  Respectfully, enough is enough.

Because Defendants have demonstrated that they cannot be trusted to comply with this Court's Order or maintain access to the subject social media accounts while the Debtors' motion for summary judgment seeking turnover of the accounts remains pending,[2] the Debtors seek an emergency hearing on April 11, 2023, or as soon thereafter as the Court's schedule accommodates, on their request for an order:

(1)     holding Defendants in contempt of the Order and imposing appropriate sanctions; and

(2)     ordering immediate turnover of the passwords to the social media accounts to the Debtors so that they can be changed and the Debtors can ensure compliance with the Order pending adjudication of the above-captioned adversary proceeding (the "Adversary Proceeding").

## BACKGROUND

**A.     The Debtors Initiate the Adversary Proceeding Seeking Turnover of Estate Property.**

Contemporaneous with the filing of the Complaint [Adv. Proc. Docket No. 1], the Debtors filed the *Emergency Motion for Temporary Restraining Order and Incorporated Memorandum of Law* [Adv. Proc. Docket. No. 2] (the "TRO Motion"), along with alleged supporting evidence.

---

[2]   The Debtors filed their *Motion for Summary Judgment and Incorporated Memorandum of Law* [Adv. Proc. Docket No. 20] on March 31, 2023, which, in accordance with the *Order Setting Briefing Schedule and Hearing on Plaintiffs' Motion for Summary Judgment and Incorporated Memorandum of Law* [Adv. Proc. Docket No. 24], is set for hearing on April 25, 2023.

Specifically, through the TRO Motion, the Debtors sought entry of an order (a) prohibiting Defendants from accessing, using, deleting, or modifying in any way the CEO Accounts (as defined in the Complaint and TRO Motion), and (b) compelling Defendants to transfer exclusive control of the CEO Accounts over to the Debtors.

**B.**     **Defendants Stipulate to and the Court Orders Certain Interim Relief.**

The Court noticed an evidentiary hearing regarding the Motion for March 16, 2023 [Adv. Proc. Docket No. 6].  Justin Luna of Latham, Luna, Eden & Beaudine LLP appeared in this Adversary Proceeding on behalf of Defendants [Adv. Proc. Docket No. 8].

Counsel to the Debtors and Defendants negotiated a stipulation to resolve the TRO Motion [Adv. Proc. Docket No. 9] (the "Stipulation").  Among other things, the Stipulation provided that:

- Defendants are prohibited from posting any content or making any posts of any kind to or from the CEO Accounts (as defined in the TRO Motion) until forty-five (45) days from entry of the Order (Stipulation, ¶ 2);

- Defendants must post content to the CEO Accounts as requested by the Debtors within nine (9) business hours of receiving the Debtors' request to do so (Stipulation, ¶ 3); and

- No later than 5:00 p.m. (ET) on March 16, 2023, Defendants were to provide to the Court, under seal, all passwords to the CEO Accounts (as defined in the TRO Motion), and refrain from making any further changes to the passwords to the CEO Accounts pending further order of the Court (Stipulation, ¶ 5).

The Court entered an Order approving the Stipulation on March 16, 2023 [Adv. Proc. Docket No. 10] (the "Order").  The Order further provides that "[i]n the event of an alleged violation of this Order, 24 hours' notice of a hearing to address such alleged violation shall be sufficient."  (Order, ¶ 7.)

**C.**     **The Debtors Are Forced to File a Motion Seeking to Hold Defendants in Contempt to Address Their Failure to Deliver Passwords to the CEO Accounts As Required.**

The Debtors did not receive notice (either directly or via court docket) indicating that Defendants had complied with the deadline to submit the passwords under the Order.  The Debtors made several attempts, both by email and by phone, to confirm compliance with Mr. Luna, as counsel to Defendants.   On March 21, 2023, the Debtors notified Mr. Luna, as counsel to Defendants, that because they had been unable to confirm Defendants' compliance with the Order or otherwise receive any response to their outreach attempts, they would be raising this issue with the Court at the March 22, 2023 hearing in the Chapter 11 Cases.  (*See id.*)  At the March 22 hearing, the Court indicated that it was unaware of having received any passwords.

On March 22, 2023, the Debtors notified Mr. Luna that they would be bringing a motion with the Court seeking to hold Defendants in contempt (the "First Contempt Motion") [Adv. Proc. No. 14].  In response, Mr. Luna (a) confirmed that Defendants had not complied with the Order by providing the passwords to the Court, and (b) indicate that he would be seeking to withdraw as counsel to Defendants.  On March 23, 2023, just minutes prior to the hearing on the Debtors' First Contempt Motion, Mr. Luna delivered two of the three passwords to the CEO Accounts to the Court.  (*See* Exhibit A.)

**D.**     **Defendants Hire Their Third and Then Fourth Set of Counsel in the Chapter 11 Cases.**

On March 23, 2023, the Debtors were contacted by Jeremy R. Fischer of Drummond Woodsum and Jay Geller of the Law Office of Jay S. Geller, who represented that they were new counsel to Defendants.  Messrs. Fischer and Geller also appeared remotely at the March 23 hearing before the Court, representing to the Court that they would be appearing on behalf of Defendants.

On March 24, 2023, the Debtors notified Messrs. Fischer and Geller that they were invoking their right under the Order to have certain content posted to the @bangenergy.ceo

Instagram account via a collaborative post with the @bangenergy Instagram account.  Defendants subsequently accepted the collaborative post request, and the requested content was posted to the @bangenergy.ceo Instagram account.  However, later on March 24, Mr. Fischer notified the Debtors that neither he nor Mr. Geller would be entering appearances in the Chapter 11 Cases or Adversary Proceeding, and no longer represented Mr. Owoc.  (*See* Exhibit B.)

Then, on April 4, 2023, Brad Shraiberg and Patrick Dorsey of Shraiberg Page P.A. contacted the Debtors and confirmed that they would be stepping in to represent Defendants. Messrs. Shraiberg and Dorsey filed notices of appearances in the Chapter 11 Cases [Docket Nos. 1133, 1134].  On April 6, 2023, Mr. Shraiberg appeared before the Court, confirmed that he was representing Defendants, and stated that he would be formally substituting in for Mr. Luna as counsel in the Adversary Proceeding as soon as Mr. Luna returned from international travel and signed the necessary form.

E.      **Defendants Again Fail to Comply with the Terms of the Court's Order.**

On April 6, 2023, the Debtors notified Defendants – through their new counsel Messrs. Shraiberg and Dorsey – that they again were invoking their right under the Order to have certain content posted to the CEO Accounts, and provided the content to be posted.  (*See* Exhibit C.) Under the terms of the Order, Defendants had nine (9) business hours to post the content as requested.  (*See* Stipulation, ¶ 3.)  After more than 14 business hours had passed without a response to the Debtors' email and the requested content had not yet been posted, on April 7, 2023, the Debtors sent a follow-up email requesting an explanation as to why Defendants had not complied with the terms of the Order.  (*See* Exhibit D.)  Neither Mr. Shraiberg nor Mr. Dorsey responded to the emails.

12068443-2

On April 9, 2023, the Debtors noted that Defendants had posted a comment from the @bangenergy.ceo Instagram in violation of the Order in response to an Instagram post by Defendant Megan E. Owoc.  (*See* Exhibit E.)  On April 10, 2023, the Debtors reached out to counsel for Defendants in an attempt to determine the reason for Defendants' repeated non-compliance with the Order.

Then, at approximately 8:00 p.m. ET on April 10, more than 4 full days after the Debtors initiated the request to post content pursuant to the terms of the Stipulation and Order, Defendants finally posted the requested content.  (*See* Exhibit F.)  But Defendants didn't stop there.  They went on to post an all caps rant in the comments attempting to disparage the Company, its professionals, its Board, and its lenders – among others.  (*See* Exhibit G.)  And then Defendants continued on posting in the comments in violation of the Court's Order by, among other things, noting "[t]he bankruptcy community corruption in South Florida is real!"  (*See* Exhibit H.)

## **REQUEST FOR RELIEF**

Based on the facts and circumstances as set forth above, the Debtors seek an order:

(1)    holding Defendants in contempt of the Order and imposing appropriate sanctions;

(2)    ordering immediate turnover of the passwords to the CEO Accounts to the Debtors so that they can be changed and the Debtors can ensure compliance with the Order pending adjudication of the Adversary Proceeding; and

(3)    declaring that the Debtors are the proper owners of the CEO Accounts so that the Debtors can take whatever means necessary to regain access to the account for which Defendants represent they no longer have the password.

*First*, given Defendants' clear and repeated failure to comply with the Order, which was agreed to by the Debtors in exchange for resolving the need for an emergency hearing on the TRO

12068443-2

Motion, an order holding Defendants in contempt and granting appropriate sanctions for failure to comply with the Order is appropriate.[3]  *See In re Spanish River Plaza Realty Co., Ltd.*, 155 B.R. 249, 255-56 (Bankr. S.D. Fla. 1993) (holding party in civil contempt for violating court order). This Court has jurisdiction to enforce its own orders.  *See Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151, 129 S. Ct. 2195, 2205, 174 L. Ed. 2d 99 (2009) (a bankruptcy court "plainly [has] jurisdiction to interpret and enforce its own prior orders."); *In re Continental Airlines, Inc.*, 236 B.R. 318, 325 (Bankr. D. Del. 1999) ("It is axiomatic that a court possesses the inherent authority to enforce its own orders").  Moreover, pursuant to 11 U.S.C. § 105(a), this Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" or that the Court determines is necessary or appropriate "to prevent an abuse of process."  11 U.S.C. § 105(a).  Courts have, thus, invoked section 105(a) to issue contempt orders and impose sanctions in bankruptcy cases and to enforce prior orders of the court.  *See In re A-1 Specialty Gasolines, Inc.*, 246 B.R. 445, 450-51 (Bankr. S.D. Fla. 2000) ("Bankruptcy courts have inherent power to hold parties in contempt, as well as an implied statutory power pursuant to 11 U.S.C. § 105."); *Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 96 (2d Cir. 2010) ("The statutory contempt powers given to a bankruptcy court under § 105(a) complement the inherent powers of a federal court to enforce its own orders."), *citing Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 831, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994); *In re River Ctr. Holdings LLC*, 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008) (court used section 105(a) to enforce its prior order approving a settlement agreement, holding that "section 105(a) plainly may be used 'to enforce and implement' earlier orders).

---

[3]  The Debtors seek compensatory sanctions in an amount to be determined based on the time spent negotiating and drafting the Stipulation, attempting to secure compliance from Defendants, and drafting both the First Contempt Motion and this Emergency Motion.

_Second_, the Debtors request that the passwords to the CEO Accounts be immediately turned over to the Debtors so that they can be changed and the Debtors can ensure compliance with the Order pending adjudication of the Adversary Proceeding.  Unfortunately, Defendants have shown that they cannot be trusted with continued access to the CEO Accounts.  As stated at the time of filing the TRO Motion, the Debtors were concerned that, if Defendants remained in control of the CEO Accounts, then they might post content that is intended to harm or (intended or not) is otherwise harmful to the Debtors, their business, and/or the ongoing marketing process. The Debtors concerns appear to have been well-founded, as Defendants have now rage-posted comments plainly designed to disparage the Company, its professionals, and its Board, in addition to criticizing the bankruptcy process.  Under the circumstances, Defendants cannot maintain any access to or control over the CEO Accounts pending adjudication of the Adversary Proceeding.

Dated:   April 11, 2023
         Miami, Florida

Respectfully submitted,

/s/ Jordi Guso
_____

George A. Davis (admitted _pro hac vice_)
Hugh K. Murtagh (admitted _pro hac vice_)
Brian S. Rosen (admitted _pro hac vice_)
Jonathan J. Weichselbaum (admitted _pro hac vice_)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
       hugh.murtagh@lw.com
       tj.li@lw.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
       mniles@bergersingerman.com

- and -

Andrew D. Sorkin (admitted _pro hac vice_)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200

8

Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*Co-Counsel for the Plaintiffs/Debtors*

9

# EXHIBIT A

**Quartarolo, Amy (LA)**

| | |
|---|---|
| **From:** | Justin Luna <jluna@lathamluna.com> |
| **Sent:** | Thursday, March 23, 2023 11:05 AM |
| **To:** | Quartarolo, Amy (LA); Murtagh, Hugh (NY); Jordi Guso; Jeremy R. Fischer (JFischer@dwmlaw.com); Jay Geller |
| **Subject:** | FW: Re: Vital Pharmaceuticals, Inc., et al, (Adversary Case No.: 23-01051-PDR) |
| **Attachments:** | 10 - Order Approving Stipulation re Motion for Temporary Restraining Order.pdf |

All, find attached the email just sent to chambers minus the actual password information provided, which I have removed from the body of the email below.

Justin M. Luna
***Board Certified Business Bankruptcy Specialist***



201 S. Orange Avenue, Suite 1400
Orlando, Florida 32801
407-481-5804 (direct)
jluna@lathamluna.com
www.lathamluna.com
@orlbankruptcy

---

**From:** Miranda Davis <mdavis@lathamluna.com>
**Date:** Thursday, March 23, 2023 at 2:03 PM
**To:** Melva_Weldon@flsb.uscourts.gov <Melva_Weldon@flsb.uscourts.gov>
**Cc:** Justin Luna <jluna@lathamluna.com>, Jeremy R. Fischer <JFischer@dwmlaw.com>, Jay Geller <jgeller@jaysgellerlaw.com>
**Subject:** Re: Vital Pharmaceuticals, Inc., et al, (Adversary Case No.: 23-01051-PDR)

Good Afternoon, Ms. Weldon,

In regard to the above referenced case, please find attached a copy of the Order Approving Stipulation Regarding Debtor's Motion for Temporary Restraining Order filed as Doc. No. 10, in addition to the passwords for Instagram and Twitter are provided below:

Our clients were unable to locate the TikTok password, and did not want to take any action that would violate the order by changing or re-setting the password but will continue to take any necessary step to locate it or re-set if agreed to with the Debtors.

This email is being forwarded to counsel for the Debtors minus the aforementioned disclosed passwords.

Thank you.

Best,

*Miranda Davis*

1

Bankruptcy Paralegal



201 S. Orange Avenue, Suite 1400
Orlando, Florida 32801
407-481-5800 Main
407-481-5809 Direct
407-481-5801 Fax
mdavis@lathamluna.com
www.lathamluna.com


**PLEASE NOTE OUR NEW ADDRESS EFFECTIVE MAY 1, 2021**:
201 S. Orange Avenue, Suite 1400
Orlando, Florida  32801

The information contained in this e-mail is attorney client privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this e-mail is not the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone at 407 481-5800 or by e-mail and delete the original and all copies of this e-mail from your computers.  Thank you.

 Please consider the environment before printing this e-mail.

# EXHIBIT B

**Quartarolo, Amy (LA)**

| | |
|---|---|
| **From:** | Jeremy R. Fischer <JFischer@dwmlaw.com> |
| **Sent:** | Friday, March 24, 2023 6:55 PM |
| **To:** | Quartarolo, Amy (LA); jgeller@jaysgellerlaw.com |
| **Cc:** | jguso@bergersingerman.com; Sorkin, Andrew (DC); Reckler, Caroline (CH-NY); Murtagh, Hugh (NY); Kellie W. Fisher |
| **Subject:** | RE: VPX - Content to be Posted on @bangenergy.ceo Account |

Amy,

I hereby confirm that your email has been received and that the demand pursuant to paragraph 4 of the stipulation/order has been transmitted to Mr. Owoc. However, Drummond Woodsum and the Law Office of Jay S. Geller will not be entering their appearances in the chapter 11 case or related adversary proceedings on behalf of Mr. Owoc, and no longer represent Mr. Owoc.

Jeremy

**Jeremy R. Fischer**
Group Leader
Bankruptcy & Restructuring

207.253.0569 Direct
JFischer@dwmlaw.com

84 Marginal Way, Suite 600, Portland, ME 04101-2480
800.727.1941 | 207.772.3627 Fax | **dwmlaw.com**



*The information transmitted herein is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Unintended transmission shall not constitute waiver of any privilege, including, without limitation, the attorney-client privilege if applicable. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the e-mail and any attachments from any computer.*

---

**From:** Amy.Quartarolo@lw.com <Amy.Quartarolo@lw.com>
**Sent:** Friday, March 24, 2023 6:02 PM
**To:** Jeremy R. Fischer <JFischer@dwmlaw.com>; jgeller@jaysgellerlaw.com
**Cc:** jguso@bergersingerman.com; Andrew.Sorkin@lw.com; Caroline.Reckler@lw.com; Hugh.Murtagh@lw.com
**Subject:** VPX - Content to be Posted on @bangenergy.ceo Account

Jeremy & Jay –

As discussed, the Company, on its end, initiated a collaborative post request approximately 45 minutes ago to have content from the @bangenergy Instagram account posted to the @bangenergy.ceo account. Please work with your clients to have this request accepted so that the content is put up on the @bangenergy.ceo account per the terms of the Order.

We look forward to speaking further on Monday.

**Amy C. Quartarolo**

**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Direct Dial: +1.213.891.8966
Fax: +1.213.891.8763
Email: amy.quartarolo@lw.com
http://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT C

**Quartarolo, Amy (LA)**

| | |
|---|---|
| **From:** | Quartarolo, Amy (LA) |
| **Sent:** | Thursday, April 6, 2023 10:24 AM |
| **To:** | 'Brad S. Shraiberg'; 'pdorsey@slp.law' |
| **Cc:** | Jordi Guso; Sorkin, Andrew (DC); Reckler, Caroline (CH-NY); Murtagh, Hugh (NY); Sean Parkhurst |
| **Subject:** | VPX - Content to be Posted on @bangenergy.ceo Account |
| **Attachments:** | 2023.03.16 Approved Stipulation.pdf |

Brad & Patrick –

Pursuant to the terms of the attached Order, the Company is providing the below-described content be posted to the @bangenergy.ceo account.  Please work with your clients to have content is posted to the @bangenergy.ceo account within nine (9) business hours.

Video:                                        REDACTED

Caption:

FUEL FOR ANY LIFESTYLE! ⚡☐
From extreme sports to dance battles and gaming marathons, Bang Energy fuels any lifestyle.  🏃🏄🎮

Hashtags:
#BangEnergy #Bang #EnergyDrink #FuelYourDestiny #energydrinks #fuelyourself #bestenergydrink #bangenergydrink #destiny #adventure #zerocalories #bestdrink #gamer #gamer🎮 #dancersofinsta #dancestyle #danceeverywhere #shuffling #shuffledancer #skydiving #iloveskydiving #caffeine #energydrinktime #energydrinkneeded

Thank you,

**Amy C. Quartarolo**

**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Direct Dial: +1.213.891.8966
Fax: +1.213.891.8763
Email: amy.quartarolo@lw.com
http://www.lw.com

# EXHIBIT D

## Quartarolo, Amy (LA)

| | |
|---|---|
| **From:** | Quartarolo, Amy (LA) |
| **Sent:** | Friday, April 7, 2023 5:00 PM |
| **To:** | 'Brad S. Shraiberg'; 'pdorsey@slp.law' |
| **Cc:** | 'Jordi Guso'; Sorkin, Andrew (DC); Reckler, Caroline (CH-NY); Murtagh, Hugh (NY); 'Sean Parkhurst' |
| **Subject:** | RE: VPX - Content to be Posted on @bangenergy.ceo Account |

Brad & Patrick – We have not seen the content posted to the @bangenergy.ceo Instagram account as required under the terms of the stipulation.  Please advise.

Thank you,
Amy

---

**From:** Quartarolo, Amy (LA)
**Sent:** Thursday, April 6, 2023 10:24 AM
**To:** 'Brad S. Shraiberg' <bss@slp.law>; 'pdorsey@slp.law' <pdorsey@slp.law>
**Cc:** Jordi Guso <JGuso@bergersingerman.com>; Sorkin, Andrew (DC) <Andrew.Sorkin@lw.com>; Reckler, Caroline (CH-NY) <Caroline.Reckler@lw.com>; Murtagh, Hugh (NY) <Hugh.Murtagh@lw.com>; Sean Parkhurst <sparkhurst@hcg.com>
**Subject:** VPX - Content to be Posted on @bangenergy.ceo Account

Brad & Patrick –

Pursuant to the terms of the attached Order, the Company is providing the below-described content be posted to the @bangenergy.ceo account.  Please work with your clients to have content is posted to the @bangenergy.ceo account within nine (9) business hours.

Video:                              REDACTED

Caption:
FUEL FOR ANY LIFESTYLE! 💪🏻
From extreme sports to dance battles and gaming marathons, Bang Energy fuels any lifestyle. 🏃🏻‍♂️🏂🎮

Hashtags:
#BangEnergy #Bang #EnergyDrink #FuelYourDestiny #energydrinks #fuelyourself #bestenergydrink #bangenergydrink #destiny #adventure #zerocalories #bestdrink #gamer #gamer #dancersofinsta #dancestyle #danceverywhere #shuffling #shuffledancer #skydiving #iloveskydiving #caffeine #energydrinktime #energydrinkneeded

Thank you,

**Amy C. Quartarolo**

**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Direct Dial: +1.213.891.8966
Fax: +1.213.891.8763
Email: amy.quartarolo@lw.com
http://www.lw.com

1

# EXHIBIT E



# EXHIBIT F



**EXHIBIT G**



5:47    ·ıll LTE

< **Comments**

From extreme sports to dance battles and gaming marathons, Bang Energy fuels any lifestyle.

**bangenergy.ceo** ✓ 36m · Pinned
RICO⇒RICO⇒
I (JACK OWOC) WAS FORCED BY THREAT TO POST THIS AGAINST MY WILL BY JORDI GUSO OF BERGER SINGERMAN LAW FIRM IN COLLUSION WITH ANDREW SORKIN, AMY QUARTAROLO & GEORGE DAVIS OF LATHAM WATKINS LAW FIRM.
I WAS ALSO FORCED TO POST THE AGAIN WHICH IS A MAJOR FRAUD ON THE PUBLIC TO OVER 1 MILLION FOLLOWERS ON TWO OCCASIONS.
I AM NOT AN ATTORNEY, HOWEVER, I BELIEVE THAT THERE IS AN ONGOING RACKET OF ORGANIZED CRIME (RICO) BETWEEN THESE LAW FIRMS & ATTORNEYS MENTIONED ABOVE ALONG WITH JOHN DIDONATO, ABI GUPTA AND SEAN PARKHURST OF THE HURON CONSULTING GROUP  WORKING IN COLLUSION WITH JADE SILVER & FRANK MCCORMACK OF TRUIST BANK WITH ATTORNEY, LOUIS LLUBERES.
THE AFOREMENTIONED BANKS, LAW FIRMS, ATTORNEYS AND CONSULTING GROUPS HAVE IN MY OPINION, ALSO COLLUDED WITH HOMER PARKHILL, JAMES BEN, AND MANY OTHERS FROM ROTHSCHILD INVESTMENT BANKING FIRM.

3 likes    Reply

——  View 1 more reply

**bangenergy.ceo** ✓ 57m
#BangEnergy
#Bang

❤️  😂  🔥  💦  😢  😍  😮  😂

Add a comment for bangenergy.ceo...





5:47               .ıll LTE 🔋

<         **Comments**        ▽

APPROPRIATE GOVERNMENT AND STATE
OFFICIALS AND ORGANIZATIONS TO
INVESTIGATE THIS ONGOING RACKET OF
ORGANIZED CRIME.
THE FLORIDA BANKRUPTCY COMMUNITY
MUST BE BROUGHT TO JUSTICE!

2 likes   Reply

**bangenergy.ceo** ✓ 57m          ♡
#BangEnergy
#Bang
#EnergyDrink
#FuelYourDestiny
#energydrinks
#fuelyourself
#bestenergydrink
#bangenergydrink
#destiny
#adventure
#zerocalories
#bestdrink
#gamer
#gamer
#dancersofinsta
#dancestyle
#danceeverywhere
#shuffling
#shuffledancer
#skydiving
#iloveskydiving
#caffeine
#energydrinktime
#energydrinkneeded

1 like   Reply

❤️  😂  🔥  💅  🥹  😍  😲  😂

Add a comment for bangenergy.ceo...

# EXHIBIT H

