UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[1] | (Jointly Administered) |

_____/

| | |
|---|---|
| VITAL PHARMACEUTICALS, INC., *et al.* | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 23-01051 (PDR) |
| JOHN H. OWOC and MEGAN E. OWOC, | |
| Defendants. | |

_____/

**PLAINTIFFS' OBJECTIONS TO EVIDENCE OFFERED BY DEFENDANTS IN SUPPORT OF THEIR RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

In accordance with the Federal Rules of Evidence ("Fed. R. Evid."), as made applicable to this proceeding pursuant to Rule 9017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Debtor Vital Pharmaceuticals, Inc., and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (the "Debtors," or "Plaintiffs"), hereby submit the below-described objections to portions of the (a) *Declaration of John H. Owoc in Support of Response to Motion for Summary Judgment* [Adv. Pro. Docket No. 41] ("J. Owoc Declaration") and (b) *Declaration of Megan E. Owoc in Support of Response to Motion for*

---

[1] The Debtors include (i) Vital Pharmaceuticals, Inc.; (ii) Bang Energy Canada, Inc.; (iii) JHO Intellectual Property Holdings, LLC; (iv) JHO Real Estate Investment, LLC; (v) Quash Seltzer, LLC; (vi) Rainbow Unicorn Bev LLC; and (vii) Vital Pharmaceuticals International Sales, Inc.  The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Summary Judgment* [Adv. Pro. Docket No. 42] (the "M. Owoc Declaration"), each filed in support

of Defendants' *Response to Motion for Summary Judgment* [Adv. Pro. Docket No. 40] (the

"Defendants' Response").

## A.    OBJECTIONS TO J. OWOC DECLARATION

### I.        Objection to Paragraph 7

1.    Paragraph 7:  "I designed each of my endeavors with the essence of my own

personal philosophy and belief system, that is, in short, that we as human beings have an unlimited

capacity to develop our bodies, minds, and spirits, with God's help, to their highest capacity

through hard work, cutting edge science, positive thinking, and an adamant refusal to quit, which

are characteristics of a "CEO" or "chief operating officer."  The foregoing philosophy, when

combined with my image, my style, and my overall identity is my persona."

2.    Objection & Grounds for Objection:  To the extent Mr. Owoc is asserting that a

"philosophy, when combined with [an] image, [] style, and [] overall identity" is a "persona" in a

legally relevant sense, the Debtors object to such statement on the following grounds:

- Calls for legal conclusion.  *See* Fed. R. Evid. 701-704.

3.    Mr. Owoc's assertion that his "philosophy, when combined with my image, my

style, and my overall identity is my persona" states a legal conclusion as to the content of a

"persona."  Mr. Owoc is not qualified to give such an opinion.  *See* Fed. R. Evid. 704, Advisory

Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions

which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions

phrased in terms of inadequately explored legal criteria.").

II.        **Objection to Paragraph 8**

4.        Paragraph 8:  "Indeed, I have worked extremely diligently over the course of over 30 years to build and cultivate my persona and have been successful at doing so such that separate and apart from any product and any company, the persona of Jack Owoc is a brand that has value."

5.        Objection & Grounds for Objection:  To the extent Mr. Owoc is asserting that "the persona of Jack Owoc is a brand that has value," the Debtors object to such statement on the following grounds:

- Lacks foundation.  *See* Fed. R. Evid. 602; and

- Calls for speculation.  *See* Fed. R. Evid. 701.

6.        Despite the assertion that the J. Owoc Declaration is based upon personal knowledge, Mr. Owoc has not put forth any admissible evidence demonstrating that  the "Jack Owoc persona" has *any* value.  For example, the J. Owoc Declaration does not include any basis for the declarant's ability to make an assertion that his "persona" has value, whether it is construed as an opinion or otherwise.  Additionally, such an assertion is entirely speculative.  Even as a non-expert, Mr. Owoc's assertion is not (a) "rationally based" on anything nor (b) "helpful to clearly understand[] the witness's testimony or to determin[e] a fact in issue."  *See* Fed. R. Evid. 701(a), (b).

III.        **Objection to Paragraph 9**

7.        Paragraph 9.  "It is for this reason, specifically, that when my wife and I decided to heavily incorporate and utilize social media to market the Debtors' products and endeavors, we deliberately and expressly, created our own personal, individual social media accounts that we segregated from the assortment of the Debtors' social media accounts and treated differently."

8. <u>Objection & Grounds for Objection</u>:  The Debtors object to the assertion in Paragraph 9 that Defendants "created [their] own personal, individual social media accounts," on the following grounds:

- Calls for legal conclusion.  *See* Fed. R. Evid. 701-704.

9. The assertion that Defendants created "personal, individual social media accounts" states the legal conclusion they hope to establish, i.e., that Defendants, as individuals, rather than the Debtors, as a business, own the social media accounts at issue.  Mr. Owoc is not qualified to give such an opinion.  *See* Fed. R. Evid. 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.").

**IV.     <u>Objection to Paragraph 10</u>**

10. <u>Paragraph 10</u>.  "Moreover, there has never been a concern or suggestion that my personal social media accounts, i.e., the Accounts, would somehow become the property of the Debtors because I am not now, and have never been, a party to any employment agreement with the Debtors."

11. <u>Objection & Grounds for Objection</u>:  The Debtors object to the assertions in Paragraph 10 that purport to declare that the social media accounts are personal accounts of Defendants on the following grounds:

- Calls for legal conclusion.  *See* Fed. R. Evid. 701-704.

12. The assertion that the Accounts are "personal social media accounts" states the legal conclusion Defendants hope to establish, i.e., that Defendants, as individuals, rather than the Debtors, as a business, own the social media accounts at issue.  Mr. Owoc is not qualified to give

4

such an opinion.  *See* Fed. R. Evid. 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.").

**V.**      **Objection to Paragraph 11**

13.      Paragraph 11.  "I have three (3) personal social media accounts that are here at issue: an Instagram and TikTok account each bearing the handle @bangenergy.ceo, and a Twitter account bearing the handle @BangEnergyCEO.  These accounts collectively are hereinafter referred to as the 'Accounts'."

14.      Objection & Grounds for Objection:  The Debtors object to the assertions in Paragraph 11 that purport to declare that the social media accounts are personal accounts of Defendants on the following grounds:

- Calls for legal conclusion.  *See* Fed. R. Evid. 701-704.

15.      The statement that "[Mr. Owoc] ha[s] three (3) personal social media accounts that are here at issue" states the legal conclusion they hope to establish, i.e., that Defendants, as individuals, rather than the Debtors, as a business, own the social media accounts at issue.  Mr. Owoc is not qualified to give such an opinion.  *See* Fed. R. Evid. 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.").

**VI.**      **Objection to Paragraph 12**

16.      Paragraph 12.  "As an initial matter, the Court should be aware that the handles of these accounts expressly reflect the fact that they are my personal, social media accounts."

17.    <u>Objection & Grounds for Objection</u>:  The Debtors object to the assertions in Paragraph 12 that purport to declare that the social media accounts are personal accounts of Defendants on the following grounds:

- Calls for legal conclusion.  *See* Fed. R. Evid. 701-704.

18.    The statement that "the handles of these accounts expressly reflect the fact that they are my personal, social media accounts" states the legal conclusion they hope to establish, i.e., that Defendants, as individuals, rather than the Debtors, as a business, own the social media accounts at issue.  Mr. Owoc is not qualified to give such an opinion.  *See* Fed. R. Evid. 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.").

**VII.    <u>Objection to Paragraph 16</u>**

19.    <u>Paragraph 16</u>:  "From their inception and continuing up through and until my termination, it was always understood and agreed that the Accounts were exclusively my personal social media accounts and the personal property of Jack Owoc."

20.    <u>Objection & Grounds for Objection</u>:  The Debtors object to the assertion in Paragraph 16 that "it was always understood and agreed that the Accounts were exclusively my personal social media accounts and the personal property of Jack Owoc," on the following grounds:

- Lacks foundation.  *See* Fed. R. Evid. 602; and

- Hearsay.  *See* Fed. R. Evid. 802.

21.    Despite the assertion that the J. Owoc Declaration is based upon personal knowledge, there is no admissible evidence in the record to show that "it was always understood

12094816-1

and agreed that the Accounts were exclusively my personal social media accounts and the personal property of Jack Owoc." Furthermore, to the extent such statement is being made to prove the truth that there was or is such an agreement or understanding, such statement is clearly hearsay; it consists of out-of-court statements, offered for the truth of the matters asserted therein. *See* Fed. R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").

## VIII.       **Objection to Paragraph 18**

22.     Paragraph 18:  "Indeed, prior to my termination, the Debtors had never even requested the passcodes for my Accounts because it was always agreed and understood that these accounts were exclusively my own personal social media accounts."

23.     Objection & Grounds for Objection:  The Debtors object to assertion in Paragraph 18 that "it was always agreed and understood that these accounts were exclusively my own personal social media accounts" on the following grounds:

- •   Lacks foundation. *See* Fed. R. Evid. 602; and

- •   Hearsay. *See* Fed. R. Evid. 802.

24.     Despite the assertion that the J. Owoc Declaration is based upon personal knowledge, Mr. Owoc has offered no admissible evidence to support the assertion that "it was always agreed and understood that these accounts were exclusively my own personal social media accounts."  Furthermore, to the extent such statement is being made to prove the truth that there was or is such an agreement or understanding, such statement is clearly hearsay; it consists of out-of-court statements, offered for the truth of the matters asserted therein. *See* Fed. R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").

IX.      <u>**Objection to Paragraph 35**</u>

25.      <u>Paragraph 35</u>:  "Further, the presence of one of my personal Accounts on the can of one of the Debtors' products reflects no more than a *de facto* mutual licensing agreement between me and the Debtors.  With my termination, that agreement is also effectively terminated."

26.      <u>Objection & Grounds for Objection</u>:  To the extent Mr. Owoc is asserting that there was "a *de facto* mutual licensing agreement between me and the Debtors," the Debtors object to such statement on the following grounds:

- Lacks foundation.  *See* Fed. R. Evid. 602; and

- Calls for legal conclusion.  *See* Fed. R. Evid. 701-704.

27.      Despite the assertion that the J. Owoc Declaration is based upon personal knowledge, Mr. Owoc has not offered any admissible evidence to support his assertion that "the presence of one of my personal Accounts on the can of one of the Debtors' products reflects no more than a *de facto* mutual licensing agreement between me and the Debtors."  Additionally, Mr. Owoc's reference to the accounts as his "personal Accounts" is an attempt by Mr. Owoc to declare a legal conclusion in support of the Defendants' Response.  The foregoing assertions are a legal conclusion in support of the Defendants' Response and Mr. Owoc is not qualified to give such an opinion.  *See* Fed. R. Evid. 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.").

X.      <u>**Objection to Paragraph 36**</u>

28.      <u>Paragraph 36</u>:  "The mere fact that the value of the Debtors' assets would be increased by wrongfully taking control of my personal social media accounts is irrelevant to the fact that these accounts are now, and always have been, my own personal property."

29.     <u>Objection & Grounds for Objection</u>:  The Debtors object to the assertions made in Paragraph 36 on the following grounds:

- Lacks foundation.  *See* Fed. R. Evid. 602; and

- Calls for legal conclusion.  *See* Fed. R. Evid. 701-704.

30.     Despite the assertion that the J. Owoc Declaration is based upon personal knowledge, the J. Owoc Declaration contains no supporting evidence for the assertions that "[t]he mere fact that the value of the Debtors' assets would be increased by wrongfully taking control of my personal social media accounts is irrelevant to the fact that these accounts are now, and always have been, my own personal property."  Furthermore, Mr. Owoc is not an expert and his assertions are a legal conclusion in support of the Defendants' Response.  *See* Fed. R. Evid. 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.").

**B.     OBJECTION TO M. OWOC DECLARATION**

**I.     <u>Objection to Paragraph 6</u>**

31.     <u>Paragraph 6</u>:  "Jack Owoc has carefully designed each of his endeavors to reflect and further the essence of his own personal philosophy and belief system, that is, in short, that we as human beings have an unlimited capacity to develop our bodies, minds, and spirits, with God's help, to their highest capacity through hard work, cutting edge science, positive thinking, and an adamant refusal to quit, which are characteristics of a "CEO" or "chief operating officer."  The foregoing philosophy, when combined with Jack's image, Jack's style, and Jack's overall identity is the Jack Owoc persona."

32.     Objection & Grounds for Objection:  To the extent Ms. Owoc is asserting that a "philosophy, when combined with [an] image, [] style, and [] overall identity" is a "persona" in a legally relevant sense, the Debtors object to such statement on the following grounds:

- Calls for legal conclusion.  *See* Fed. R. Evid. 701-704.

33.     Ms. Owoc's assertion that Mr. Owoc's "philosophy, when combined with Jack's image, Jack's style, and Jack's overall identity the Jack Owoc persona" states a legal conclusion as to the content of a "persona."  Ms. Owoc is not qualified to give such an opinion.  *See* Fed. R. Evid. 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.").

**II.      Objection to Paragraph 7**

34.     Paragraph 7:  "Jack has been successful at building and cultivating his persona such that separate and apart from any product and any company, the Jack Owoc persona is a brand that has value."

35.     Objection & Grounds for Objection:  To the extent Ms. Owoc is asserting that "the Jack Owoc persona is a brand that has value," the Debtors object to such statement on the following grounds:

- Lacks foundation.  *See* Fed. R. Evid. 602; and

- Calls for speculation.  *See* Fed. R. Evid. 701.

36.     Despite the assertion that the M. Owoc Declaration is based upon personal knowledge, Ms. Owoc has not put forth any admissible evidence to demonstrate that the "Jack Owoc persona" has *any* value.  For example, the M. Owoc Declaration does not include any basis for the declarant's ability to make an assertion that Mr. Owoc's "persona" has value, whether it is

construed as an opinion or otherwise.  Additionally, such an assertion is entirely speculative.  Even as a non-expert, Ms. Owoc's assertion is not (a) "rationally based" on anything nor (b) "helpful to clearly understand[] the witness's testimony or to determin[e] a fact in issue."  *See* Fed. R. Evid. 701(a), (b).

### III.       Objection to Paragraph 8

37.       Paragraph 8.  "It is for this reason, specifically, that when my husband and I decided to heavily incorporate and utilize social media to market the Debtors' products and endeavors, we, deliberately and expressly, created our own personal, individual social media accounts that we segregated from the larger assortment of the Debtors' social media accounts and treated differently."

38.       Objection & Grounds for Objection:  The Debtors object to the assertion in Paragraph 8 that Defendants "created [their] own personal, individual social media accounts," on the following grounds:

- Calls for legal conclusion.  *See* Fed. R. Evid. 701-704.

39.       The assertion that Defendants created "personal, individual social media accounts" states the legal conclusion they hope to establish, i.e., that Defendants, as individuals, rather than the Debtors, as a business, own the social media accounts at issue.  Ms. Owoc is not qualified to give such an opinion. *See* Fed. R. Evid. 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.").

### IV.       Objection to Paragraph 9

40.       Paragraph 9.  "Moreover, there has never been a concern or suggestion that Jack's personal social media accounts, i.e., the Accounts, would somehow become the property of the

Debtors because inter alia neither Jack, nor I, have never been, a party to any employment agreement with the Debtors."

41.    <u>Objection & Grounds for Objection</u>:   The Debtors object to the assertions in Paragraph 9 that purport to declare that the social media accounts are personal accounts of Defendants on the following grounds:

- Calls for legal conclusion.  *See* Fed. R. Evid. 701-704.

42.    The assertion that the Accounts are "personal social media accounts" states the legal conclusion Defendants hope to establish, i.e., that Defendants, as individuals, rather than the Debtors, as a business, own the social media accounts at issue. Ms. Owoc is not qualified to give such an opinion.  *See* Fed. R. Evid. 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.").

**V.    <u>Objection to Paragraph 10</u>**

43.    <u>Paragraph 10</u>.  "I am personally aware that Jack owns three (3) personal social media accounts that are here at issue: An Instagram and TikTok account each bearing the handle @bangenergy.ceo, and a Twitter account bearing the handle @BangEnergyCEO. These accounts collectively are hereinafter referred to as the '<u>Accounts</u>'."

44.    <u>Objection & Grounds for Objection</u>:   The Debtors object to the assertions in Paragraph 10 that purport to declare that the social media accounts are personal accounts of Defendants on the following grounds:

- Calls for legal conclusion.  *See* Fed. R. Evid. 701-704.

45.     The statement that "Jack owns three (3) personal social media accounts that are here at issue" states the legal conclusion they hope to establish, i.e., that Defendants, as individuals, rather than the Debtors, as a business, own the social media accounts at issue.  Ms. Owoc is not qualified to give such an opinion.  *See* Fed. R. Evid. 704, Advisory Committee Note (Rules 702 and 703 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.").

**VI.        Objection to Paragraph 16**

46.     Paragraph 16:  "From their inception and continuing up through and until my termination, it was always understood and agreed that the Accounts were exclusively Jack's personal social media accounts and the personal property of Jack Owoc."

47.     Objection & Grounds for Objection:  The Debtors object to the statements made in Paragraph 16 that "it was always understood and agreed that the Accounts were exclusively Jack's personal social media accounts and the personal property of Jack Owoc" on the following grounds:

- Lacks foundation.  *See* Fed. R. Evid. 602; and

- Hearsay.  *See* Fed. R. Evid. 802.

48.     Despite the assertion that the M. Owoc Declaration is based upon personal knowledge, there is no evidence in the record to show that "it was always understood and agreed that the Accounts were exclusively Jack's personal social media accounts and the personal property of Jack Owoc."  Furthermore, to the extent such statement is being made to prove the truth that there was or is such an agreement or understanding, such statement is clearly hearsay; it consists of out-of-court statements, offered for the truth of the matters asserted therein.  *See* Fed.

R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").

**VII.**      **Objection to Paragraph 18**

49.    <u>Paragraph 18</u>: "Indeed, prior to my termination, the Debtors had never even requested the passcodes for Jack's Accounts because it was always agreed and understood that these accounts were exclusively his own personal social media accounts. In fact, on February 22, 2023, VPX's intellectual property in-house legal counsel, Gideon Eckhouse confirmed that our personal accounts would not be part of the VPX sale to a potential buyer. These personal accounts, per the "Latham team" would be "excluded from this list" of social media accounts to be transferred to a potential buyer. A true and correct copy of the February 22, 2023, email is attached hereto as **Exhibit '1.'"**

50.    <u>Objection & Grounds for Objection</u>: The Debtors object to the assertions made in Paragraph 18 on the following grounds:

- Lacks foundation. *See* Fed. R. Evid. 602; and

- Hearsay. *See* Fed. R. Evid. 801.

51.    Despite the assertion that the M. Owoc Declaration is based upon personal knowledge, Ms. Owoc has offered no admissible evidence to support the assertion that "it was always agreed and understood that these accounts were exclusively [Mr. Owoc's] own personal social media accounts." Furthermore, to the extent such statement is being made to prove the truth that there was or is such an agreement or understanding, such statement is clearly hearsay; it consists of out-of-court statements, offered for the truth of the matters asserted therein. *See* Fed. R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Lastly,

Paragraph 18 contains inadmissible evidence as it relies on privileged attorney-client communications. Such privilege belongs to the Debtors, and the Debtors have not waived the protections afforded to them.

**VIII.**  **Objection to Exhibit 1**

52. <u>Exhibit 1</u>: Exhibit 1 is an internal email between employees of the Debtors that contains advice from Debtors' counsel.

53. <u>Objection & Grounds for Objection</u>: The Debtors object to the entirely of Exhibit 1 which is being used to support Defendants' assertion that the social media accounts belong to them.

- Hearsay. *See* Fed. R. Evid. 801; and

- Attorney-Client Privilege. *See* Fed. R. Evid. 501-502.

54. Exhibit 1 is an email from in-house counsel to others within the privilege at the time it was sent, and expressly reflects legal advice. Accordingly, such advice and the communication of the same, is protected by attorney-client privilege, and cannot be disclosed absent a waiver from the Debtors. *See Smith v. Armour Pharm. Co.*, 838 F. Supp. 1577 (S.D. Fla. 1993) (unauthorized disclosure and widespread dissemination of attorney-client privileged memorandum without client's consent did not waive attorney-client privileged). As an unauthorized disclosure of privileged communication, the Debtors assert that this Court should disregard Exhibit 1 in its entirety including any assertions by Defendants purportedly supported by the email communication. *See id.* 1577-78 (holding that the court would ignore all references to and prohibit future citation to attorney-client privileged memorandum that was disclosed and published in newspapers without client's authorization). Ms. Owoc's disclosure of such communication is dangerous precedent.

Dated:   April 21, 2023
        Miami, Florida

George A. Davis (admitted *pro hac vice*)
Hugh K. Murtagh (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
        hugh.murtagh@lw.com
        tj.li@lw.com
        brian.rosen@lw.com
        jon.weichselbaum@lw.com

            - and -

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

Respectfully submitted,

*/s/ Jordi Guso*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
        mniles@bergersingerman.com

*Co-Counsel for the Plaintiffs/Debtors*

12094816-1