UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[1] | (Jointly Administered) |
| _____/ | |
| VITAL PHARMACEUTICALS, INC., *et al.* | |
| Plaintiffs, | |
| v. | |
| JOHN H. OWOC and MEGAN E. OWOC, | Adv. Pro. No. 23-01051-PDR |
| Defendants. | |
| _____/ | |

### DEBTORS' OBJECTION TO DEFENDANTS' OBJECTION TO ENTRY OF FINAL ORDERS AND MOTION REQUESTING THAT BANKRUPTCY COURT DETERMINE WHETHER THIS ADVERSARY PROCEEDING IS SUBJECT TO THE ENTRY OF FINAL ORDERS AND JUDGMENTS BY THE BANKRUPTCY COURT

Debtor Vital Pharmaceuticals, Inc., and its affiliated debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (the "Debtors," the "Plaintiffs," or the "Company"), and as plaintiffs in the above-captioned adversary proceeding (this "Adversary Proceeding") hereby object to Defendants', John ("Jack") H. Owoc and Megan E. ("Meg Liz") Owoc (together, the "Owocs" or "Defendants"), *Objection to Entry of Final Orders*

---

[1] The Debtors include (i) Vital Pharmaceuticals, Inc.; (ii) Bang Energy Canada, Inc.; (iii) JHO Intellectual Property Holdings, LLC; (iv) JHO Real Estate Investment, LLC; (v) Quash Seltzer, LLC; (vi) Rainbow Unicorn Bev LLC; and (vii) Vital Pharmaceuticals International Sales, Inc. The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12177966-1

*and Motion Requesting that Bankruptcy Court Determine Whether This Adversary Proceeding is Subject to the Entry of Final Orders and Judgments by the Bankruptcy Court* [Adv. Proc. Docket No. 89] (the "Motion") and request that this Court entry an Order denying the Motion.

## PRELIMINARY STATEMENT

1. This Adversary Proceeding is undeniably core under 28 U.S.C. § 157(b)(2), and entry of an order and final judgment in this Adversary Proceeding is within this Court's constitutional power. The Adversary Proceeding requests a declaration of estate ownership of property, and turnover of the same to the Debtors. Determining the extent of the estate's interest in property and requiring turnover of such property are statutorily and constitutionally core matters. Accordingly, this Court should thus determine that this Adversary Proceeding is subject to the entry of final orders or judgments by this Court.

## BACKGROUND

2. On March 14, 2023, Debtors filed this Adversary Proceeding alleging a claim for declaratory relief and turnover of the CEO Accounts to the Debtors' estate pursuant to 11 U.S.C. § 542(e). Complaint ¶¶ 30-39. In short, this Adversary Proceeding seeks an order from the Court finding that the CEO Accounts[2] are the property of the Debtors' estates and, as a result, Defendants must turn over control of the accounts to the Debtor. *Id.*

3. On March 14, 2023, this Court entered the *Order Setting Scheduling Conference and Establish Procedures and Deadlines* [Adv. Proc. Docket No. 5] (the "Scheduling Order"), which provided that "each party objecting to the entry of final orders or judgments by this Court on any issue in this proceeding must file with this Court a motion . . . requesting that this Court

---

[2] "CEO Accounts" means, collectively, the Instagram account with the handle "@bangenergy.ceo" (the "CEO Instagram Account"; the TikTok account with the handle "@bangenergy.ceo" (the "CEO TikTok Account"); and the Twitter account with the handle @BangEnergCEO (the "CEO Twitter Account").

2

12177966-1

determine whether this proceeding is subject to the entry of final orders or judgment by this Court" by 4:00 p.m. two business days before the scheduling conference on May 17, 2023. Scheduling Order at 2.

4. On May 15, 2023, Defendants filed the Motion objecting to the entry of final orders and judgments in this Adversary Proceeding and requesting that this Court determine whether this Adversary Proceeding is subject to the entry of final orders and judgments by the Bankruptcy Court. *See* Motion at 1. Defendants' Motion offers no argument or reasoning as to why this Court cannot enter a final order and judgment in this Adversary Proceeding. *See generally* Motion.

## ARGUMENT

5. Bankruptcy courts are not Article III courts and are thus constrained both constitutionally and statutorily in what matters and issues they can enter a final order and judgment on without the consent of the parties. *See Fisher Island Invs., Inc. v. Solby+Westbrae Partners*, 778 F.3d 1172, 1190-91 (11th Cir. 2015); *see also Bakst v. Smokemist, Inc. (In re Gladstone)*, 513 B.R. 149, 156-58 (Bankr. S.D. Fla. 2014). "[T]o determine whether a particular proceeding may be subject to entry of a final order or judgment in the bankruptcy court, it is necessary to determine whether the proceeding is a core proceeding within the meaning of [28 U.S.C. §] 157(b), and also whether entry of such final order or judgment would exceed the limits imposed by Article III of the Constitution." *In re Gladstone*, 513 B.R. at 154 (citation omitted). This Adversary Proceeding is a core proceeding statutorily, and also, entry of an order or judgment in this Adversary Proceeding would not exceed his Court's constitutional authority.

6. First, this action is a core proceeding within the meaning of 28 U.S.C. § 157(b) ("Section 157(b)"). Section 157(b)(1) provides that: "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 . . . and may enter appropriate orders and judgments, subject to review under section 158 of this title." Section 157(b)(2)(A) and

3

(E), respectively, enumerate that "matters concerning the administration of the estate" and "orders to turn over property of the estate" are "[c]ore proceedings." It is thus well-settled that an action seeking a judgment that certain property is the estate's and also seeking an order of turnover of that property under 11 U.S.C. § 542 is a statutorily core proceeding. *See In re Gladstone*, 513 B.R. at 157 (holding bankruptcy court had "statutory power to enter final orders and judgments" in an action seeking a declaratory judgment that certain property is owned by the debtor and "an order of turnover under 11 U.S.C. § 542"). That is exactly what the Debtor is seeking in this Adversary Proceeding.

7. In Count I, the Debtors seek a declaratory judgment finding that the Debtors have a right to control the CEO Accounts, *i.e.*, that the CEO Accounts are part of the Debtors' estates. Complaint ¶¶ 29-33. The determination of whether something is property of the estate is a core proceeding under Section 157(b)(1)(A) as it is a "matter[] concerning administration of the estate." *See also In re Gladstone*, 513 B.R. at 157 (holding proceeding seeking declaratory judgment that certain property was that of the estate was core proceeding under Section 157(b)(2)(A)).

8. In Count II, the Debtors assert a claim for "turnover of estate property pursuant to 11 U.S.C. § 542(e)." Complaint at Count II. The Debtors here allege that the "CEO Accounts . . . are property of the Debtors' bankruptcy estate pursuant to 11 U.S.C. § 541(a)" and that, because the Defendants wrongfully retained control of the CEO Accounts, the "Debtors are [therefore] entitled to entry of an order pursuant to 11 U.S.C. § 542(e) directing Defendants to turn over the login credentials to the CEO Accounts." Complaint ¶¶ 35, 40. Count II is core under two subsections of Section 157(b)(2). First, Count II requires this Court to determine whether the CEO Accounts are the property of the estate under 11 U.S.C. § 541(a), which is a core proceeding under Section 157(b)(2)(A) as it involves a "matter[] concerning the administration of the estate."

Complaint ¶ 35. Second, Count II is an action for turnover under 11 U.S.C. § 542(a), which is core under Section 157(b)(2)(E) as it is an action seeking an "order[] to turn over property of the estate." *Id.* ¶ 40. Thus, this Court has statutory authority to enter a final judgment and order in this Adversary Proceeding.

9. <u>Second</u>, the entry of a final order and judgment in this Adversary Proceeding is well within this Court's constitutional authority. Bankruptcy courts are constrained from entering final orders or judgements when it would exceed the limits imposed by Article III of the Constitution. *In re Gladstone*, 513 B.R. at 158. "An action that 'stems from the bankruptcy itself'—that is an integral part of the bankruptcy process—is subject to final ruling in the bankruptcy court." *In re Gladstone*, 513 B.R. at 158 (quoting *Stern v. Marshall*, 564 U.S. 462, 499 (2011)). Ruling on an action to determine "what is and is not property of the estate" and then "ask[ing] that such property be turned over to the [debtors], to be administered in this [bankruptcy]" is within the constitutional authority of the bankruptcy courts. *Id.* at 159.

10. In this Adversary Proceeding, the Debtors are asking this Court to determine that the CEO Accounts are property of the Debtors, that Defendants maintained control over the CEO Accounts, and therefore "[t]he Debtors are entitled to entry of an order pursuant to 11 U.S.C. § 542(e) directing Defendants to turn over the login credentials to the CEO Accounts." Complaint ¶¶ 30-40. This Adversary Proceeding is "an integral part of the bankruptcy process" as determining whether certain property is that of the estate is "central to the mission of the bankruptcy court." *In re Gladstone*¸ 513 B.R. at 159; *see also In re McIntyre*, No. 10-30570-WRS, 2013 WL 878676, at *9 (Bankr. M.D. Ala. Mar. 8, 2013) ("Defining property of the estate is a 'critical feature[ ] of every bankruptcy proceeding'" (quoting *Central Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 363 (2006)). Moreover, determining whether such property should be turned over to the

5

estate under 11 U.S.C. § 542, a provision of the bankruptcy code, is something that can only arise in bankruptcy and must necessarily stem from the bankruptcy itself. This Court is thus within its constitutional authority to enter a final order and judgment in this Adversary Proceeding. *See In re Gladstone*, 513 B.R. at 158 ("An action that 'stems from the bankruptcy itself' — that is an integral part of the bankruptcy process — is subject to final ruling in the bankruptcy court." (quoting *Stern*, 564 U.S. at 499)).

11. <u>Finally</u>, for reasons stated in *Debtors Opposition to Motion to Withdrawn Reference, Designation of Record and Demand for Jury Trial* there is no basis for the bankruptcy court to conclude it cannot enter a final order or judgment in this Adversary Proceeding due to a withdrawal of the reference.

## **CONCLUSION**

12. For all the foregoing reasons, the Debtors respectfully request that the Court enter an order denying the Motion.

12177966-1

Dated:  May 30, 2023
Miami, Florida

Respectfully submitted,

*/s/ Jordi Guso*

Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

George A. Davis (admitted *pro hac vice*)
Hugh K. Murtagh (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
hugh.murtagh@lw.com
tj.li@lw.com
brian.rosen@lw.com
jon.weichselbaum@lw.com

- and -

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*Co-Counsel for the Debtors*

12177966-1