UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,          Case No.: 22-17842-PDR

        Debtors.

Chapter 11
(Jointly Administered)

_____/

VITAL PHARMACEUTICALS, INC., *et al.*,

        Plaintiffs,

v.                                                                                   Adv. Proc. No. 23-01051-PDR

JOHN H. OWOC AND MEGAN E. OWOC,

        Defendants.

_____/

**FIFTH MOTION TO EXTEND DEADLINE TO**
**PROVIDE DEBTORS WITH ACCESS TO SOCIAL MEDIA ACCOUNTS**

        Defendants, John H. Owoc and Megan E. Owoc (the "Owocs"), pursuant to Fed. R. Bankr. P. 9006(b), respectfully request that the Court extend the deadline to provide Vital Pharmaceuticals, Inc. *et al.* (the "Debtors") with full access to certain social media accounts. In support of this request the Owocs state:

        1.      This adversary proceeding concerns an Instagram and TikTok account each bearing the handle @bangenergy.ceo, and a Twitter account bearing the handle @BangEnergyCEO (each an "Account" and together, the "Accounts").

        2.      During hearings on May 11, 2023, the Court directed the Owocs to provide the Debtors with full access to the Accounts on or before 5:00 P.M. on May 12, 2023, pursuant to a

temporary restraining order. The Court has extended that deadline to June 6, 2023 pursuant to several agreements between the parties. ECF No. 137.

3. The Debtors and Megan Owoc participated in an approximately forty-minute telephone call on May 12, 2023, in a good faith effort to comply with the Court's ruling. However, the parties were unable to recover the password for the TikTok account to enable the Debtors to access the account and post the "Corrective Statement." The parties therefore agreed to adjourn the call and reconvene it shortly.

4. To date, the Owocs have been unsuccessful in locating the email address or telephone number to which TikTok two-factor authentications are being set. The Owocs do not believe that they can comply with the Court's ruling absent issuing a subpoena to TikTok.

5. Upon information and belief the parent company of TikTok is an entity named ByteDance, Inc. ("ByteDance"). As such, the Owocs served ByteDance with a subpoena on June 1, 2023. Copies of the subpoena and affidavit of service are attached as **Exhibit "A"**.

6. A response to the subpoena is due on or before June 13, 2023. In light of this dynamic, the Owocs respectfully request that the Court extend the deadline referenced *supra* through June 14, 2023.

7. This request is not being made for purposes of delay. Rather, it will permit ByteDance to respond to the subpoena and hopefully provide the requested information to the Owocs.

[Remainder of Page Intentionally Left Blank]

{2467/000/00556776}

**WHEREFORE**, the Owocs respectfully request that the Court extend the deadline to provide the Debtors access to the Accounts through June 14, 2023.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Notice of Electronic Filing via CM/ECF to those parties registered to receive such notice in this case on June 6, 2023.

>
> **SHRAIBERG PAGE P.A.**
> Attorneys for the Owocs
> 2385 NW Executive Center Drive, Suite 300
> Boca Raton, Florida 33431
> Telephone: 561-443-0800
> Facsimile: 561-998-0047
> Email:  bss@slp.law
>
> By:    /s/ Bradley Shraiberg
>           Bradley Shraiberg
>           Fla Bar No. 121622

{2467/000/00556776}

# EXHIBIT A

# RETURN OF SERVICE

UNITED STATES BANKRUPTCY COURT
SOUTHERN District of Florida

Case Number: 22-17842-PDR

IN RE::
**VITAL PHARMACEUTICALS, INC., ET AL., DEBTOR**

For:
PATRICK DORSEY, ESQ.
SHRAIBERG PAGE, P.A.
2385 N.W. EXECUTIVE CENTER DRIVE, SUITE
BOCA RATON, FL 33431


CWO2023007241

Received by C.W. SERVICES & ASSOCIATES, INC. on the 31st day of May, 2023 at 3:14 pm to be served on **BYTEDANCE, INC., CORPORATION SERVICE COMPANY, REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301**.

I, ERIC L. LARSON, do hereby affirm that on the **1st day of June, 2023** at **10:05 am, I:**

served a **CORPORATION** by **serving** a true copy of the **Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy Action** with the date and hour of service endorsed thereon by me, to: **BRITTANY DOTY** As **CLERK FOR RA** for **BYTEDANCE, INC.**, at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in compliance with state statutes, **pursuant to F.S. 48.081(3)**.

.

**Additional Information pertaining to this Service:**
BRITTANY DOTY, CLERK FOR RA, WF 30 YRS 5'4 140 LBS BROWN HAIR NO GLASSES

Under penalty of perjury, I declare that I have read the forgoing Verified return of Service and the facts stated in it are true, that I that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I also certify that the above stated facts are correct to the best of my knowledge.. Pursuant to F.S. 92.525(2), Notary not required.

**ERIC L. LARSON**
CPS #063, 2ND JUDICIAL CIRCUIT

**C.W. SERVICES & ASSOCIATES, INC.**
**4908 Grassleaf Drive**
**Palm Beach Gardens, FL 33418**
**(561) 630-4866**

Our Job Serial Number: CWO-2023007241
Ref: 7241

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of ___Florida___

In re ___VITAL PHARMACEUTICALS, INC., *et al.*,___
Debtor

Case No. ___22-17842-PDR___

Chapter ___11___
(Jointly Administered)

*(Complete if issued in an adversary proceeding)*

___VITAL PHARMACEUTICALS, LLC, *et al.*,___
Plaintiff
v.
___JOHN H. OWOC AND MEGAN E. OWOC___
Defendant

Adv. Proc. No. ___23-01051-PDR___

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: ___ByteDance, Inc., c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301___
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents sufficient to identify the following information for the TikTok account with the handle @bangenergy.ceo (the "Account"): (1) the password to the Account, and/or (2) all email addresses and telephone numbers used in two-step verification for the Account.

| PLACE | DATE AND TIME |
|---|---|
| SHRAIBERG PAGE, P.A.<br>2385 NW Executive Center Dr., #300<br>Boca Raton, FL 33431 | June 13, 2023 |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___5/24/2023___

CLERK OF COURT

OR

_____        __/s/ Patrick Dorsey_____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___John H. Owoc and Megan E. Owoc___, who issues or requests this subpoena, are: Patrick Dorsey, Esq., SHRAIBERG PAGE, P.A. 2385 NW Executive Center Dr., #300, Boca Raton, FL 33431 / Email: pdorsey@slp.law / Tel: (561) 443-0800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 23-01051-PDR    Doc 140    Filed 06/06/23    Page 7 of 8

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

  I declare under penalty of perjury that this information is true and correct.

Date: _____

                    _____
                            *Server's signature*

                    _____
                            *Printed name and title*

                    _____
                            *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)