UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,[1]

    Debtors.
_____/

VITAL PHARMACEUTICALS, INC., *et al.*,

    Plaintiffs,

v.

JOHN H. OWOC AND MEGAN E. OWOC,

    Defendants.
_____/

Case No.: 22-17842-PDR

Chapter 11
(Jointly Administered)

Adv. Proc. No. 23-01051-PDR

**APPELLANTS JOHN H. OWOC AND MEGAN OWOC'S
STATEMENT OF ISSUES ON APPEAL OF ECF NO. 161**
*(Corrects ECF No. 194 Filing Deficiency)*

    Defendants/Appellants, John H. Owoc ("Mr. Owoc") and Megan Owoc ("Mrs. Owoc") (the "Owocs"), pursuant to Fed. R. Bankr. P. 8009, respectfully submit their statement of the issues on appeal of the *Memorandum Opinion Granting Plaintiff's Motion For Summary Judgment* [ECF No. 161] as follows:

    1.    Whether the Bankruptcy Court erred in entering its Order Granting Plaintiffs' Motion for Summary Judgment (the "Order"). ECF No. 161.

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

1

2. Whether Bankruptcy Court erred in prematurely granting Summary Judgment where Appellants had not yet had an adequate time for discovery, nor had an opportunity to establish a record regarding the claims at issue through discovery.

3. Whether the Bankruptcy Court committed reversible error in failing to construe all facts and draw all reasonable inference in the light most favorable to Appellants.

4. Whether the Bankruptcy Court made findings of fact that were clearly erroneous, resolved disputed issues of fact, and / or failed to construe all facts and draw all reasonable inference in the light most favorable to Appellants in its findings concerning the content of the social media accounts at issue, including but not limited to, extrapolating from a tiny portion of social media content to arbitrarily conclude that the same was representative of the entirety of the social media accounts' content.

5. Whether the Bankruptcy Court made findings of fact that were clearly erroneous, resolved disputed issues of fact, and / or failed to construe all facts and draw all reasonable inference in the light most favorable to Appellants in its findings concerning the creation, maintenance, and control of the social media accounts at issue.

6. Whether the Bankruptcy Court made findings of fact that were clearly erroneous, resolved disputed issues of fact, and / or failed to construe all facts and draw all reasonable inference in the light most favorable to Appellants in its findings as to how the social media accounts at issue were used.

7. Whether the Bankruptcy Court made findings of fact that were clearly erroneous, resolved disputed issues of fact, and / or failed to construe all facts and draw all reasonable inference in the light most favorable to Appellants in concluding that the social media accounts were predominately or pervasively used to market Debtors' products.

8. Whether the Bankruptcy Court made findings of fact that were clearly erroneous, resolved disputed issues of fact, and / or failed to construe all facts and draw all reasonable inference in the light most favorable to Appellants in its findings with respect to the role and value of the social media accounts to the Jack Owoc persona and to Jack Owoc's interests.

9. Whether the Bankruptcy Court committed reversible error in failing to properly analyze or account for Appellant Jack Owoc's Federal and State Constitutionally protected rights including Freedom of Speech and Expression.

10. Whether the Bankruptcy Court's Order improperly violates and circumscribes Appellant Jack Owoc's Federal and State Constitutionally protected rights including Freedom of Speech and Expression.

11. Whether the Bankruptcy Court erred in failing to strike declaration testimony from John DiDonato [ECF Nos. 21 and 85] that was not based upon DiDonato's personal knowledge.

12. Whether the Bankruptcy Court lacked jurisdiction to adjudicate the dispute involving the social media accounts as it was a non-core proceeding.

13. Whether the Bankruptcy Court erred by crafting and relying upon the wrong standard to determine ownership of the social media accounts.

14. Whether the Bankruptcy Court erred in its application of the standard it crafted to determine ownership of the social media accounts in that, *inter alia*, two of the three factors (Documented Property Interest and Control Over Access) clearly favored the Appellants.

15. Whether the Bankruptcy Court made findings of fact that were clearly erroneous, resolved disputed issues of fact, and / or failed to construe all facts and draw all reasonable inference in the light most favorable to Appellants in concluding that the mere presence of

Debtors' product or logo in an image transformed the posting wholly into a pure or implicit promotional posting, favoring Debtors' alleged ownership, notwithstanding the nature, context, language, or impact of the posting.

16. Whether the Order of the Bankruptcy Court should be set aside as violating Florida's public policy favoring the enforcement of contracts in that the Order conflicts with the contracts between Appellants and the social media account companies themselves.

17. Whether the Order of the Bankruptcy Court should be set aside as violating Florida statute protecting Jack Owoc's right to the use of his own image and likeness and identity.

18. Whether the Bankruptcy Court misinterpreted and misapplied the contractual terms of service and use for each of the social media accounts at issue.

19. Whether the Bankruptcy Court erred in granting summary judgment to the Debtors without addressing, let alone resolving, the Owocs' Affirmative Defenses [ECF No. 52].

20. Whether the Bankruptcy Court erred in granting summary judgment to the Debtors where disputed issues of material fact existed as to the defenses and where Debtors failed to show they were entitled to judgment as a matter of law as to the affirmative defenses.

21. Whether the Bankruptcy Court abused its discretion and otherwise erred in concluding the naming and display conventions for the social media accounts supported the Debtors' ownership of the social media accounts.

22. Whether the Bankruptcy Court abused its discretion and otherwise erred in its failure to account for various facts that supported the Owocs' ownership of the social media accounts at issue.

23. Whether the Bankruptcy Court abused its discretion and otherwise erred in concluding that the social media accounts were the property of the Debtors notwithstanding the absence of executed employment contracts for either of the Owocs.

24. Whether the Bankruptcy Court abused its discretion and otherwise erred in concluding that naming convention of the social media accounts supported the Debtors' ownership of the social media accounts in light of evidence demonstrating that social media account handles can be changed.

25. Whether the Bankruptcy Court abused its discretion and otherwise erred in concluding that Vital had used the social media accounts to market its products.

26. Whether the Court erred in permitting the hearing on the Motion for Summary Judgment to proceed in the face of the Plaintiffs' unnecessary and unauthorized removal of 80-85% of the content of certain social media accounts at issue, thereby precluding the Defendants' from accessing or adducing evidence relevant to the issues before the Court.

Dated: July 18, 2023

PHANG & FELDMAN, P.A.
*Attorneys for John H. Owoc, Megan Owoc, Elite Island, LLC and Entourage IP Holding, LLC*
2 S. Biscayne Boulevard, Suite 1600
One Biscayne Tower
Miami, Florida 33131
Telephone: (305) 614-1223
Fax: (305) 614-1887

By:   */s/ Jonathan S. Feldman*
Jonathan S. Feldman (12682)
feldman@katiephang.com
service@katiephang.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 18, 2023, a true and correct copy of the foregoing was served based on the Court docket, by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF to those parties registered to receive NEF in this case and in accordance with Local Rule 2002-1(H).

By: */s/ Jonathan S. Feldman*
Jonathan S. Feldman (12682)
feldman@katiephang.com
service@katiephang.com